UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TAM TRAN,

              Plaintiff,

   v.

WASHINGTON STATE PATROL,

              Defendant.

CASE NO. 3:22-CV-5828-BHS

REPORT AND RECOMMENDATION

Noting Date: December 23, 2022

    The District Court has referred Plaintiff Tam Tran's pending Application to Proceed *In Forma Pauperis* ("IFP") and proposed complaint to United States Magistrate Judge David W. Christel pursuant to Amended General Order 02-19. On October 28, 2022, Plaintiff filed a proposed civil complaint and an application to proceed *in forma pauperis* ("IFP"), that is, without paying the filing fee for a civil case. *See* Dkt. 1. The Court screened Plaintiff's proposed complaint under 28 U.S.C. § 1915(a) and determined Plaintiff failed to state a claim upon which relief could be granted. Dkt. 3. The Court notified Plaintiff of the deficiencies in the proposed complaint and directed Plaintiff to show cause why this case should not be dismissed. *Id*. The Court warned that failure to file a proposed amended complaint or to otherwise respond to the

REPORT AND RECOMMENDATION - 1

Order would result in the undersigned recommending dismissal of this matter without prejudice. *Id*. On November 28, 2022, Plaintiff filed a proposed amended complaint that was nearly identical to the proposed complaint. *See* Dkt. 4. Therefore, the Court finds Plaintiff has failed to comply with the Court's November 4, 2022 Order and has failed to state a claim upon which relief can be granted. Accordingly, the Court recommends this case be dismissed and the Application to Proceed IFP be denied as moot.

**Review of the Complaint.** The Court has carefully reviewed the proposed amended complaint in this matter. Because Plaintiff filed this proposed amended complaint *pro se*, the Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

In the proposed amended complaint, Plaintiff states Defendant Washington State Patrol violated the law when they arrested him but did not provide him with a translator before he signed documents. Dkt. 4.

***Sua Sponte* Dismissal.** The Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368,

1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**Analysis of Plaintiff's Claims**. In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the

defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

*Improper Defendant.* In the proposed amended complaint, Plaintiff names only the Washington State Patrol as the defendant. Dkt. 4. States and state agencies are not susceptible to suits under 42 U.S.C. § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (holding neither a State nor its officials acting in their official capacities are "persons" under § 1983); *Maldonado v. Harris*, 370, F.3d 945, 951 (9th Cir.2004) (state agency not amenable to suit under § 1983). Defendant Washington State Patrol is an agency of the State of Washington. *See* Wash. Rev.Code § 43.43.010. Therefore, because the Washington State Patrol is not a "person" within the meaning of § 1983, Plaintiff has failed to state a claim upon which relief can be granted.

*Personal Participation.* In the proposed amended complaint, Plaintiff also fails to state the alleged wrong-doing of any individual Defendant. *See* Dkt. 4. He provides only a generalized statement that the Washington State Patrol did not provide him with an interpreter during his arrest. *Id*. at 6. Plaintiff fails to state the alleged wrong-doing of any named individual who was acting under color of state law. Moreover, Plaintiff's statements are too conclusory to sufficiently show his rights were violated. As Plaintiff has not shown he suffered a violation of his constitutional rights that was caused by a person acting under color of state law, he has failed to state a claim upon which relief can be granted. *See Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims).

*Heck Bar.* Plaintiff also alleges his rights were violated when he was arrested and signed documents without an interpreter present. Dkt. 4. Plaintiff requests monetary damages. *Id*. If Plaintiff was convicted following the arrest, his convictions could be invalidated if he were to

REPORT AND RECOMMENDATION - 4

prove the allegations in the proposed complaint. Thus, based on the limited information in the proposed amended complaint, Plaintiff's claims appear to be barred by *Heck v. Humphrey*, 512 U.S 477 (1994).

A plaintiff may only recover damages under § 1983 for allegedly unconstitutional imprisonment, or for any other harm caused by actions whose unlawfulness would render the imprisonment invalid, if he can prove the conviction or other basis for confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87. A "§ 1983 action is barred (absent prior invalidation) –no matter the relief sought (damages or equitable relief), no matter the target of his suit (state conduct leading to the conviction or internal prison proceedings) –*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Here, Plaintiff's allegations appear to stem from the Washington State Patrol's conduct and Plaintiff's ability to understand documents he signed related to his arrest. Dkt. 4. Thus, if the Court were to grant Plaintiff the relief requested in the proposed amended compliant and find his rights were violated any underlying convictions would be invalidated.

As Plaintiff's allegations appear to amount to an attack on the constitutional validity of an underlying conviction, the proposed amended complaint may not be maintained under § 1983 unless Plaintiff can show any conviction has been invalidated. *See Heck*, 512 U.S. at 486-87; *Ramirez v. Galaza*, 334 F.3d 850, 855-56 (9th Cir. 2003). It is unclear if Plaintiff has been convicted or if any conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into

question by a federal court's issuance of a writ of habeas corpus. The Court directed Plaintiff to show cause why this case should not be dismissed as barred by *Heck*. Plaintiff did not respond to the Court's Order and did not provide any additional information regarding his claims in the proposed amended complaint. *See* Dkt. 4. As Plaintiff has failed to respond to the Court's Order directing Plaintiff to provide additional information regarding a potential *Heck* bar, the Court recommends this case be dismissed.

**Leave to Amend**. For the above stated reasons, the Court finds Plaintiff's proposed amended complaint fails to state a claim upon which relief can be granted. Plaintiff was given leave to amend and was unable to cure the defects of the proposed complaint. Therefore, the Court recommends no further leave to amend be granted. *See Swearington v. California Dep't of Corr. & Rehab.*, 624 F. App'x 956, 959 (9th Cir. 2015) (finding the district court did not abuse its discretion in dismissing without leave to amend because the plaintiff did not cure the complaint's deficiencies despite the district court's specific instructions about how to do so); *see also Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco,* 792 F.2d 1432, 1438 (9th Cir.1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint.").

**Conclusion.** As Plaintiff has failed to state a claim upon which relief can be granted, the Court recommends Plaintiff's Application to Proceed IFP (Dkt. 1) be denied and this case be dismissed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those

objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on December 23, 2022, as noted in the caption.

Dated this 7th day of December, 2022.

/s/ David W. Christel

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7